IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERMAINE ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:25-cv-803-RAH-CWB |
| ) | |
| ALABAMA STATE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

This action was filed *pro se* on October 5, 2025. (*See* Doc. 1). Referral then was made to the Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." (*See* Doc. 5). After a threshold review, Plaintiff was directed to file an Amended Complaint no later than October 31, 2025. (*See* Doc. 7). Plaintiff was informed with specificity how the initial Complaint was deficient and what information should be included within the Amended Complaint. (*Id.*). Although Plaintiff did file an amendment (*see* Doc. 9) by the imposed deadline, he was informed that his allegations remained deficient and was afforded through November 15, 2025 to file an additional amendment to cure the deficiencies (*see* Doc. 10). And Plaintiff was cautioned that "**failure to file a Second Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure will result in a recommendation that the action be dismissed**." (*Id.* at p. 5) (bold in original). Notwithstanding the directive to replead and the warning against not doing so, Plaintiff failed to take any further action.

The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g.,*

1

*Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962).  Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id*.  It further empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id*. at 630-31.  *See also Saint Vil v. Perimeter Mortg. Funding Corp*., 715 F. App'x 912, 915 (11th Cir. 2017).  Here, the court finds that Plaintiff's failure to replead or otherwise respond by the imposed deadline constitutes a clear record of delay and/or willful contempt; and the court further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e*., where Plaintiff failed to take action despite having been warned about a potential dismissal.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

Dismissal also would be proper for the reasons identified in the court's Order to replead.  (*See* Doc. 10).  Because Plaintiff alleges that he was "[d]enied entry to Alabama State University due to my disability" (*see* Doc. 9-1), the court surmised that Plaintiff might be attempting to assert a claim under the Rehabilitation Act and/or the Americans with Disabilities Act.  (*See* Doc. 10 at p. 3).  Plaintiff thus was provided the citations for those statutes and informed as to the general requirements for prevailing on a claim thereunder.  (*See id*.).  Plaintiff also was given notice of the Rule 8(a) pleading standard and that he must "allege sufficient supporting facts to demonstrate a plausible basis for recovery on one or both of those grounds, *i.e.*, that is disabled, that he meets the qualification requirements for admission (either with or without some reasonable accommodation), and that he was denied admission or discriminated against due to his disability."  (*See id*.).  The instructions for repleading were highly specific in regard to the level of clarity needed for a claim to move forward:

> a. the Second Amended Complaint must contain a short and plain statement of Plaintiff's claim(s) and clearly identify all legal theories Plaintiff contends entitle him to relief (including an indication of whether Plaintiff intends to proceed under the Rehabilitation Act and/or the Americans with Disabilities Act);
>
> b. the Second Amended Complaint must include factual allegations clearly indicating how Plaintiff's legal rights were violated (*e.g.*, how Plaintiff claims to be disabled, how Plaintiff claims to be otherwise qualified for admission with or without reasonable accommodation, and how Plaintiff has been discriminated against because of his disability);
>
> c. the Second Amended Complaint must clearly state when the alleged conduct occurred;
>
> …

(*Id*. at p. 4). As the record stands, it is unclear what legal theory Plaintiff intends to assert, whether there is sufficient conduct to support that legal theory, or when such supporting conduct occurred. Stated differently, Plaintiff has not complied with the basic requirements of the Federal Rules of Civil Procedure and has put forth precisely the type of "unadorned, the-defendant unlawfully-harmed-me accusation[s]" and "naked assertion[s] devoid of further factual enhancement" that consistently have been deemed insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555-57 (2007) (stating that the purpose of the federal pleading requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests").

For all of these reasons, the undersigned Magistrate Judge hereby **RECOMMENDS** that this action be dismissed without prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed **no later than December 5, 2025**. An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 21st day of November 2025.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**