IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERMAINE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-803-RAH |
| | ) | |
| ALABAMA STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

On October 17, 2025, the Magistrate Judge issued an Order (doc. 7) directing the *pro se* Plaintiff to file an Amended Complaint that complied with the Federal Rules of Civil Procedure, particularly by setting out supporting facts that entitle Plaintiff to relief, rather than making bare legal conclusions. On October 27, 2025, Plaintiff filed a *Motion to Amend* (doc. 9), which attached what purported to be an Amended Complaint. However, Plaintiff's second filing was substantially the same as the first, consisting of a few short statements asserting that his civil rights were violated by Alabama State University when ASU denied him entry without receiving documents pertinent to his academic disability. (*See* Doc. 9-1 at 1.) On October 30, 2025, the Magistrate Judge issued another Order (doc. 10), again directing Plaintiff to file a Second Amended Complaint that complied the Federal Rules of Civil Procedure.

No Second Amended Complaint was timely filed. As a result, on November 21, 2025, the Magistrate Judge issued a Recommendation (doc. 11) that the case be dismissed without prejudice due to obvious pleading deficiencies in the Amended Complaint (doc. 9), Plaintiff's failure to comply with the Magistrate Judge's directive to file a Second Amended Complaint, and for all of the reasons contained

in the Magistrate Judge's second Order (doc. 10) to replead. The Recommendation informed Plaintiff that any objection should be filed by December 5, 2025.

No timely objections were filed, but Plaintiff did file a notice on December 15, 2025, that stated that he was denied admission to Alabama State University due to his learning disability. The Court will treat Plaintiff's notice as a timely asserted objection. And when treated as an objection, it shows no error with the Recommendation of the Magistrate Judge. Indeed, Plaintiff did nothing to provide additional information regarding his claims or to set forth where the Recommendation is in error. Instead, the notice was just as vague and conclusory as the Complaint and Amended Complaint.

Because an objection has been filed in opposition of the Magistrate's Recommendation, this Court reviews the Recommendation de novo. *See* 28 U.S.C. § 636(b)(1); *see also Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990) (requiring the district court to independently consider factual issues based on the record); *United States v. Opie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009). Upon an independent and de novo review of the file, for good cause, and upon consideration of the Recommendation of the Magistrate Judge, it is **ORDERED** as follows:

1. The Recommendation (doc. 11) is **ADOPTED**;

2. The Notice (doc. 12), construed as an objection, is **OVERRULED**;

3. The case is **DISMISSED** without prejudice; and

4. The Clerk of Court is **DIRECTED** to close the case.

**DONE** this the 18th day of December 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE